UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK C. BERGERON,

        Plaintiff,        CIV S-06-037 GEB PAN PS

    v.

KING MOHAMED V, and THE        ORDER
KINGDOM OF MOROCCO,

        Defendants.

-o0o-

On January 6, 2006, plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and lodged a proposed complaint asserting this court's subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq.

Plaintiff's affidavit is incomplete. He states his only source of income is federal disability compensation totaling $1028.00 per month and that he makes monthly child support

payments of $790.00.  Plaintiff states his only asset is a 1994 Chevy Blazer.  The confusion lies in plaintiff's affirmative answer to the question, "Do you have any cash or checking or savings accounts?" and his explanation the total amount is "55.22.00."

Accordingly, plaintiff's application to proceed in forma pauperis is denied.  Plaintiff may file, within 20 days of service of this order, an amended in forma pauperis application that includes the amount of money he holds in cash and in checking and savings accounts.

Additionally, for the reasons set forth below, plaintiff's complaint is dismissed for lack of subject matter jurisdiction.  Plaintiff may also file, within 20 days of service of this order, an amended complaint establishing this court's jurisdiction.

A federal court must dismiss the complaint of a plaintiff proceeding, or seeking to proceed, in forma pauperis if at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii).

The complaint alleges plaintiff was "seriously injured in a private residence in the village of Mehedia . . . in the Sovereign State/Kingdom of Morocco as the result of faulty installation of a Butane Gas driven Hot Water Heater;" and that "[t]he injuries sustained are the direct responsibility of the

King of Morocco" and the Kingdom of Morocco due to their "negligence" in failing to promulgate a pertinent building code and their failure to inspect, test, and monitor the safe installation "of each and all Butane Gas Driven appliances in the Sovereignty."  Plaintiff's injuries included asphyxiation rendering him unconscious and causing brain damage, memory loss and inability to perform more than elementary mathematical calculations; plaintiff also suffered first, second and third degree burns to his left thigh and left hand and forearm; his hand became infected and was amputated within a week after plaintiff sustained his injuries.

Plaintiff states he is a master electrician licensed in California but is now permanently disabled from pursuing his profession or pursuing other gainful employment.  Plaintiff seeks compensatory and punitive damages totaling $48,552,500.00.

The complaint rests jurisdiction on "28 U.S.C. § 1331 et seq.," presumably 28 U.S.C. § 1332 (diversity of citizenship), and statutory exceptions to the general rule that foreign states are immune from the jurisdiction of U.S. federal and state courts, as set forth in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq.

Plaintiff relies on 28 U.S.C. § 1605(a)(5), which provides that a foreign state shall not be immune from the jurisdiction of U.S. courts in any case "in which money damages are sought against a foreign state for personal injury . . . occurring in the United States and caused by the tortious act or

3

omission of that foreign state or any official or employee of that foreign state while acting within the scope of his office or employment. . ."  This statute is limited to injuries occurring within the United States and does not, therefore, confer jurisdiction over defendant.

Nor is plaintiff's passing reference to 28 U.S.C. § 1605(a)(2) helpful, as that statute provides an exception to the jurisdictional immunity of a foreign state only for commercial activities.

Plaintiff also appears to rely on 28 U.S.C. § 1605(a)(1), which permits U.S. courts to exercise jurisdiction over any foreign state that "has waived its immunity either explicitly or by implication."  Plaintiff suggests that the stamping of his U.S. passport by Moroccan officials upon plaintiff's entry into that country bound Morocco to provide the protections requested thereon, viz., "The Secretary of State of the United States of America hereby requests all whom it may concern to permit the citizen/national of the United States named herein to pass without delay or hindrance and in case of need give all lawful aide and protection."  Plaintiff argues "[t]he provision for the health and safety of . . . authorized visitors to the Kingdom of Morocco is not discretionary but obligatory," and alleges the Moroccan government failed adequately to come to plaintiff's aid.  The court has found no authority to support plaintiff's unusual interpretation of this statute.

////

     Accordingly, the complaint is dismissed.  Plaintiff may file, within 20 days of service of this order, an amended complaint that establishes this court's subject matter jurisdiction.  Failure to file an amended complaint, or to demonstrate this court's subject matter jurisdiction in an amended complaint, will result in a recommendation this action be dismissed.

     So ordered.

     Dated:  January 23, 2006.

                         /s/ Peter A. Nowinski
                         PETER A. NOWINSKI
                         Magistrate Judge